**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAIRAH HAMEED SAQIB, a U.S. Citizen, | |
| and | Case No.  1:17-cv-01675 |
| AYYAZ HAMEED, her brother, | |
|   Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel Department of Homeland Security Mail Stop 3650 Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration Services 425 I. Street, N.W., Room 6100 Washington, D.C. 20536 | |
| UNITED STATES DEPARTMENT OF STATE, | |
| Serve:  U.S. Department of State 2201 C Street NW Washington, DC 20520 | |
| EMBASSY OF THE UNITED STATES, ISLAMABAD, PAKISTAN, | |
| Serve:  U.S. Department of State 2201 C Street NW Washington, DC 20520 | |
| ELAINE DUKE, Interim Secretary of the Department of Homeland Security, | |

Serve:  Office of the General Counsel
         Department of Homeland Security
         Mail Stop 3650
         Washington, D.C. 20528

JAMES MCCAMENT, Interim Director of
the United States Citizenship and
Immigration Services,

Serve:  U.S. Citizenship & Immigration
         Services
         425 I. Street, N.W., Room 6100
         Washington, D.C. 20536


REX TILLERSON, United States Secretary
of State,

Serve:  U.S. Department of State
         2201 C Street NW
         Washington, DC 20520

and;


DAVID HALE, Ambassador of the
United States at the U.S. Embassy,
Islamabad, Pakistan,

Serve:  U.S. Department of State
         2201 C Street NW
         Washington, DC 20520

  Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' IMMIGRANT VISA APPLICATION

COME NOW Plaintiffs, Saraih Hameed Saqib and her brother Ayyaz Hameed, to

respectfully request a hearing before this Honorable Court to make a determination on

Hameed's immigrant visa application, or alternatively requesting that this Honorable

Court issue a writ of mandamus compelling Defendants to adjudicate Ayyaz Hameed's long-delayed immigrant visa application.

## PARTIES

1.   Plaintiff Saraih Hameed Saqib hereinafter sometimes referred to as "Saqib") is a naturalized citizen of the United States.

2.   Plaintiff Ayyaz Hameed (hereinafter sometimes referred to as "Saqib") is a citizen of Pakistan.  He was born in Lahore, Pakistan.

3.   Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

4.   Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file immigrant visa applicants.

5.   Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Islamabad, Pakistan, and which is responsible for implementing the immigrant visa provisions of the law.

6.   Defendant Embassy of the United States in Islamabad, Pakistan (hereinafter sometimes referred to as "the Islamabad Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant

visa provisions of the law.

7.  Defendant Elaine Duke, the Interim Secretary of the DHS, is the highest ranking official within the DHS. DUke, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Duke is sued in hre official capacity as an agent of the government of the United States.

8.  Defendant James McCament, Interim Director of the USCIS, is the highest ranking official within the USCIS.  McCament is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. McCament is sued in his official capacity as an agent of the government of the United States.

9.  Defendant Rex Tillerson, Secretary of State, is the highest ranking official within the DOS.  Tillerson is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Tillerson is sued in his official capacity as an agent of the government of the United States.

10. Defendant David Hale is the Ambassador of the Embassy of the United States in Islamabad, Pakistan.  Hale is being sued in his official capacity as an agent of the government of the United States.

## JURSIDICTION AND VENUE

11. This Honorable Court has federal question jurisdiction over this cause pursuant

to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

12. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants maintain offices within this District.

13. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Hameed's visa application.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Saqib is the immigrant visa petitioner for Hameed's immigrant visa application.

15. Under federal immigration law, Hameed is a sibling relative immigrant visa applicant through his United States Citizen sister, Saqib.

16. Hameed is a Pakistani citizen.  Pakistan is a predominantly Muslim country.

17. Saqib and Hameed are brother and sister.

18. Saqib filed a visa petition for her brother Hameed with the USCIS on February 10, 2004.

19. The USCIS purportedly approved Hameed's immigrant visa petition in 2010 (Application # SRC-04-092-51673).   The USCIS allegedly forwarded the approved

petition to the National Visa Center (hereinafter sometimes referred to as the "NVC"), a division of the DOS, for processing.

20. Hameed filed Form DS-260, Application for Immigrant Visa and Alien Registration, with the DOS shortly thereafter.

21. Plaintiffs paid all applicable filing and visa fees.

22. Hameed's priority date is current; however, the Defendants refuse to issue him a visa.

### FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs Saraih Hameed Saqib Ayyaz Hameed allege and state as follows:

23. Plaintiffs reallege and incorporate by reference paragraphs one through twenty-two as though fully set out herein.

24. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

25. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

26. The DOS Consular Electronic Application Center claims that Hameed's visa application is currently undergoing "administrative processing."

27. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

28. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

29. On information and belief, Plaintiffs allege that the DHS, USCIS, and Fairfax Field Office of the USCIS are intentionally delaying a response to the DOS in regard to Hameed's visa application pursuant to the CARRP program.  Plaintiffs allege that this delay is due to Hameed's being from a predominantly Muslim country.

30. Upon information and belief, Plaintiffs allege that the DOS is and has been complicit in the delay in processing Hameed's visa application.

31. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

32. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP

definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiffs—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

33. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

34. Plaintiffs allege that Hameed's application has been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

35. The combined delay and failure to act on Hameed's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

36. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

37. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs Saraih Hameed and Saqib Ayyaz Hameed allege and state as follows:

38. Plaintiffs reallege and incorporate by reference paragraphs one through

thirty-seven as though fully set out herein.

39. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

40. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

41. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, among other ways.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Plaintiffs Saraih Hameed Saqib and Ayyaz Hameed, request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' immigration benefit applications;

4. Order Defendants to rescind CARRP because they failed to follow the process

for notice and comment by the public;

5.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6.  That this Honorable Court take jurisdiction of this matter and adjudicate Hameed's immigrant visa pursuant to this Court's declaratory judgment authority;

7.   That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Hameed;

8.  That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

9.  Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
this 17th day of May, 2017


**/s/ James O. Hacking, III**
James O. Hacking, III
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, MO 63119
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**
**Saraih Hameed Saqib and Ayyaz Hameed**